FILED
OCT 12 2016
Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | NO. 4:16CR 149 |
| v. | § § | Judge Mazzant |
| DYLAN LANGFORD | § § | |

## INDICTMENT

The United States Grand Jury charges:

### Count One

Violation: 21 U.S.C. § 846
(Conspiracy to Distribute and
Possess with Intent to Distribute
Alprazolam and Hashish Oil)

From in or about May 2015, the exact date unknown to the grand jury, and continuing up to and including the date of the filing of this indictment, in the Eastern District of Texas and elsewhere, Defendant **Dylan Langford**, did knowingly and intentionally conspire and agree with other persons known and unknown to the grand jury to distribute and possess with intent to distribute less than 16,000 units of a mixture or substance containing a detectable amount of Alprazolam, a Schedule IV controlled substance, and less than 1 kilogram of hashish oil, a violation of 21 U.S.C. § 841(a)(1).

In violation of 21 U.S.C. § 846.

Indictment
Page 1

## Count Two

> Violation: 21 U.S.C. § 843(b)
> (Use of Communication Facilities in Causing or Facilitating the Commission of Felonies Under the Controlled Substances Act or the Controlled Substances Import and Export Act.)

On or about June 12, 2015, in Collin County, Texas, in the Eastern District of Texas, Defendant **Dylan Langford**, did knowingly and intentionally use any communication facility, namely, the United States Mail, in facilitating the commission of any act or acts constituting a felony under Title 21, United States Code, Section 841(a)(1), to wit: distribution and possession with intent to distribute hashish oil.

In violation of 21 U.S.C. § 843(b).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses alleged in this indictment, the defendant shall forfeit to the United States pursuant to 21 U.S.C. 853, all cash proceeds derived from the commission of the offenses identified above.

Moreover, if any property subject to forfeiture, as a result of any act or omission by the defendants (i) cannot be located upon the exercise of due diligence, (ii) has been transferred or sold to, or deposited with a third party, (iii) has been placed beyond the

jurisdiction of the court, (iv) has been substantially diminished in value, or (v) has been commingled with other property which cannot be subdivided without difficulty, the defendant shall forfeit to the United States any other property of the defendants up to the value of the forfeitable property.

A TRUE BILL

_____
FOREMAN

10-12-16
_____
DATE

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

_____
LESLEY D. BROOKS
Assistant United States Attorney

Indictment
Page 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | NO. 4:16CR |
| v. | § | Judge |
| | § | |
| DYLAN LANGFORD | § | |

## NOTICE OF PENALTY

### Count One

Violation: 21 U.S.C. §846:  Schedule IV Controlled Substance

Penalty: A term of imprisonment of not more than 5 years, a fine not to exceed $250,000; supervised release of at least 1 year.

Special Assessment: $100.00

Violation: 21 U.S.C. §846:  Hashish Oil

Penalty: A term of imprisonment of not more than 5 years, a fine not to exceed $250,000; supervised release of at least 2 years.

Special Assessment: $100.00

### Count Three

Violation: 21 U.S.C. § 843(b)

Penalty: Imprisonment for a term of not more than 4 years of imprisonment, a fine not to exceed $250,000; supervised release of not more than 3 years.

Special Assessment:         $100.00